#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CONWAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 22-004-RAW-KEW |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Dkt. 8). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his convictions in Carter County District Court Case No. CF-2013-446 for two counts of First Degree Rape.[1]

Petitioner's grounds for habeas corpus relief appear, in some manner, to rely upon the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). He alleges Oklahoma lacked jurisdiction over his prosecution and conviction, because he has "some Indian Blood," his alleged crime fell under the Major Crimes Act and occurred in Indian Country, and his alleged crime was under Treaty Law of 1866. (Dkt. 1 at 5). He also contends that because the state court did not establish jurisdiction over the Indian defendant or the victim, "Racial-Prejudicing" was committed. *Id*. at 7. In addition, Petitioner raises claims of ineffective assistance of counsel and violation of his right to a speedy trial. *Id.* at 7-8. While Petitioner frames his claims as jurisdictional, Respondent asserts the claims are more accurately described as an attack on the state's prosecutorial authority. (Dkt. 9 at 3 n.2).

---

[1] Petitioner misstates his case number as CF-2016-279 and his crime as Assault. (Dkt. 1 at 1).

The record shows that on January 24, 2014, Petitioner pleaded guilty to two counts of First Degree Rape in Case No. CF-2013-446. (Dkt. 9-1 at 1). The district court accepted the pleas and sentenced Petitioner to life imprisonment for each count, with the sentences to run concurrently. *Id.*

According to the docket sheet for Case No. CF-2013-446, Petitioner's requests for transcripts were his only filings in that case after his convictions. He first sought sentencing transcripts through a letter to the Carter County Court Clerk, which was dated January 24, 2014, and filed on April 16, 2015. (Dkt. 9-3). The Court Reporter responded in a letter dated April 15, 2015, explaining the cost of the transcript. (Dkt. 9-4).

On October 16, 2015, Petitioner submitted another letter to the state district court requesting a transcript. (Dkt. 9-5). On that same day, the court reporter responded by letter, explaining that she could not prepare a transcript until she received an order by the district judge authorizing the transcript. (Dkt. 9-6).

Petitioner again sought transcripts through a November 2, 2015, letter, filed on January 5, 2016. (Dkt. 9-7). He then sent a letter dated January 4, 2016, to the court reporter, asking for guidance on how to obtain transcripts. (Dkt. 9-9). On January 5, 2016, the state district court entered an order denying Petitioner's request for transcripts. (Dkt. 9-8). The court reporter also filed a written response to Petitioner on January 11, 2016, again advising that the transcripts could not be prepared at state expense without a written order from the district judge authorizing the preparation. (Dkt. 9-10).

On August 29, 2016, Petitioner filed yet another motion for transcripts at public expense (Dkt. 9-11), which apparently went unanswered (Dkt. 9-2 at 7). There has been no further action by Petitioner in the state district court. (Dkt. 9-2). He filed this federal habeas corpus petition on January 4, 2022. (Dkt. 1).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA), and Petitioner's claims are unexhausted. (Dkts. 8, 9). Petitioner has filed a response to the motion to dismiss (Dkt. 10) and a supplement to the response (Dkt. 11).

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that after Petitioner entered his guilty pleas on January 24, 2014, he did not seek to timely withdraw his pleas or seek a direct appeal to the Oklahoma Court of Criminal Appeals. His convictions, therefore, became final on February 3, 2014, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The statutory year began to run the next day on February 4, 2014, and it expired on February 4, 2015. *See Harris v.*

3

*Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas petition was filed on January 4, 2022, almost seven years too late.

Petitioner cannot show that any of his filings in the state district court triggered statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) concerns only the "collateral review with respect to the pertinent judgment or claim," which "means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). The Tenth Circuit has expressly held that motions for transcripts do not toll the limitations period under § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). *See also Mack v. Falk*, 509 F. App'x 756, 758 (10th Cir. 2013) (unpublished) (applying *May*); *Sudduth v. Raemisch*, 532 F. App'x 823, 823 (10th Cir. 2013) (unpublished) (same). Therefore, Petitioner's numerous attempts to obtain transcripts cannot toll the limitations period under § 2244(d)(2).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Petitioner makes vague and conclusory assertions of actual innocence in the supplement to his response to Respondent's motion. (Dkt. 11). The Court, however, finds that apart from his unsupported allegations, there is no evidence in the record to suggest Petitioner is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

After careful review, the Court finds that Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 8) should be GRANTED. Because the petition is being dismissed as untimely, the Court does not reach Respondent's argument concerning Petitioner's alleged failure to exhaust his state remedies.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability. Petitioner's motion to clarify (Dkt. 7) is DENIED as moot.

**IT IS SO ORDERED** this 1st day of September 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA