#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CONWAY, | ) |
|             Petitioner, | ) |
| v. | ) Case No. CIV 22-004-RAW-DES |
| CARRIE BRIDGES, Warden, | ) |
|             Respondent. | ) |

### OPINION AND ORDER

On January 4, 2022, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). Relying on *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020), he alleged claims concerning the State's subject-matter jurisdiction over his prosecution, "racial-prejudicing," ineffective assistance of counsel in the state court, and violation of his right to a speedy trial. *Id*. at 5-9. On September 1, 2022, the Court dismissed Petitioner's petition as barred by the statute of limitations, and judgment was entered. (Dkts. 19, 20).

On November 18, 2022, and November 28, 2022, Petitioner filed two repetitive, prolix motions pursuant to Fed. R. Civ. P. 60(b)(4). (Dkts. 22, 23). He claims in the first motion that this Court erred in stating the petition was "[Un-ripe]" or "[Premature]." (Dkt. 22 at 2) (citing Dkt. 22 at 9).[1] This language, however, is not in this Court's September 1, 2022, Opinion and Order. Petitioner quotes from numerous cases without connecting the quotations to the Opinion and Order he is challenging. He also complains that the state-court judge, the prosecutor, and his defense attorney were "'[NOT]' Licensed in 'Federal Indian Law,' [therefore] they would '[NOT]' have been able to give a fair trial [under the] Constitution." *Id*. at 5, 20-22, 33-35. He apparently concludes that because the state court lacked subject-matter jurisdiction, those proceedings are void under Fed. R. Civ. P. 60(b)(4). *Id.* at 6, 17. Rule 60(b)(4), however, concerns whether a federal--not state-- judgment or order is void.

---

[1] Petitioner has inserted a copy of a page from an unspecified state-court order denying post-conviction relief. He also has inserted copies of orders from the United States Supreme Court and the Tenth Circuit Court of Appeals in the body of his motion. (Dkt. 22 at 10-16).

Petitioner's second Rule 60(b) motion is essentially a repeat of the first, again arguing about the alleged lack of subject-matter jurisdiction and his claim that his state-court judge, prosecutor, and defense counsel should have had federal Indian Law licenses. (Dkt. 23). Neither this motion nor the first Rule 60(b) motion addresses the issue of the statute of limitations. Both motions include a request for bail. (Dkt. 22 at 41-43; Dkt. 23 at 33).

Because Petitioner filed his Rule 60(b) motions in the context of a habeas proceeding, the Court must determine whether the motions are "true" Rule 60(b) motions, or they instead should be treated as a second or successive habeas corpus petitions. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id*. at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id*. at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id*. at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216. Because Petitioner's Rule 60(b) motions reassert the "merits" of the claims in the habeas petition, the Court finds the motions are second or successive habeas petitions.

> If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

*Spitznas*, 464 F.3d at 1217.

The Court found in its previous Opinion and Order that Petitioner "did not seek to timely withdraw his pleas or seek a direct appeal to the Oklahoma Court of Criminal Appeals." (Dkt. 19 at 3). There also is no evidence that Petitioner's claims in the second or successive petitions have been presented to the state courts as required by 28 U.S.C. § 2254(b). Therefore, these claims are unexhausted. Further, as stated above, on September 1, 2022, this Court found that Petitioner's claims in his original petition were barred by the statute of limitations. (Dkt. 19 at 5). The claims in the November 2022 motions pursuant to Rule 60(b) likewise are untimely.

Because these two second or successive petitions are untimely and unexhausted, the Court finds it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). This Court should instead exercise its discretion to deny the second or successive petitions. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Therefore, Petitioner's second or successive habeas petitions are DENIED.

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *See Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). To obtain a certificate of appealability to challenge the Court's procedural ruling, Petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner cannot make the required showing, therefore, he is denied a certificate of appealability.

**ACCORDINGLY,**

1. Petitioner's motions for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b) (Dkts. 22, 23) are construed as second or successive petitions for a writ of

       habeas corpus.

2.      The second or successive habeas petitions are DENIED.

3.      Petitioner's requests for bail are DENIED AS MOOT.

4.      Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 17th day of August 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA