IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES CONWAY, )
)
        Petitioner, )
)
v. ) No. CIV 22-004-RAW-DES
)
CARRIE BRIDGES, )
)
        Respondent. )

**OPINION AND ORDER**

On January 4, 2022, Petitioner filed this petition for a writ of habeas corpus, alleging he was entitled to relief pursuant to *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020). (Dkt. 1). The petition was dismissed as time-barred on September 1, 2022, and judgment was entered. (Dkts. 19, 20). Petitioner did not file an appeal. Instead, on November 18, 2022, and November 28, 2022, he filed motions pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkts. 22, 23).

On August 17, 2023, the Court entered an Opinion and Order construing Petitioner's Rule 60(b) motions as second or successive petitions for a writ of habeas corpus and denying the petitions. (Dkt. 27). Petitioner also was denied a certificate of appealability. *Id.*

On August 28, 2023, Petitioner filed a rambling, repetitive "motion for clarification" of the Court's August 17, 2023, Opinion and Order, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. 28).[1] The motion alleges the State of Oklahoma lacked jurisdiction to prosecute him and lacked jurisdiction over a potential appeal. *Id.* He has attached copies of documents from another lawsuit in this Court, as well as a copy of 28 U.S.C. § 2254. *Id.* at 4-7. The documents

---

[1] A "motion for clarification" is not a proper pleading under the Federal Rules of Civil Procedure.

have numerous circled words, but no explanation of how they relate to his motion. *Id.* Because this purported Rule 59(e) motion was filed more than 28 days after entry of the judgment, the Court construes it as a motion under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 59(e).

On September 11, 2023, Petitioner filed a 58-page prolix, repetitive "motion for objection" to the Court's August 17, 2023, Opinion and Order, pursuant to Fed. R. Civ. P. 60(b)(4). (Dkt. 29). He alleges the Court erroneously stated "that an '[un-ripe],' or '[premature],' Petition is a second or successive petition, in '[Contrary-To]' Clearly Established Supreme Court Precedents." *Id*. at 1 (syntax and punctuation in original). This language, however, is not in this Court's Opinion and Order.

Petitioner's motion references *Brady v. Maryland*, 373 U.S. 83 (1963) with respect to exculpatory evidence. *Id.* at 2. He claims he recently discovered the State's "elicitation of knowingly '[false-testimony],'"in violation of his due process rights. *Id.* He, however, does not set forth what comprised the alleged false testimony. Without explanation, Petitioner contends he is not subject to the time limitations under the Antiterrorism and Effective Death Penalty Act, and he cannot exhaust any state remedies. *Id*. at 2-3. He does not, however, make a reasoned argument why the statute of limitations should not be applied to the *McGirt* claim in his habeas petition.

Petitioner's third motion at issue apparently is, among other things, another motion for relief pursuant to Fed. R. Civ. P. 60(b). (Dkt. 30 at 1). Again, Petitioner has attached various documents to the motion with circled sections. *Id*. at 4-6. The motion reiterates his claim that the state court lacked jurisdiction over his crime, and he asserts this Court "erred in not sua sponte issuing a writ of Prohibition" in his case. *Id*. at 1. He also repeats his claim that he "could not exhaust '[ANY]' unlawful and non-existent state remedies. . . ." *Id*. at 1-2. The Court's dismissal of this action,

however, was not based on Petitioner's failure to exhaust his state court remedies. (Dkt. 19 at 5). It was based solely on the untimeliness of the petition. *Id.*

Because Petitioner filed his Rule 60(b) motions in the context of a habeas proceeding, the Court must determine whether the motions are "true" Rule 60(b) motions, or they instead should be treated as a second or successive habeas corpus petitions. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explained that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. This Court previously cited the following:

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id.* at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id.* at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216. Here, the Court finds Petitioner is challenging the Court's previous rulings on the merits of his claims, therefore, they should be treated as second or successive habeas petitions.

If . . . the district court concludes that the motion is actually a second or successive

3

>petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

*Spitznas*, 464 F.3d at 1217. *See* Dkt. 27 at 2.

Because Petitioner's Rule 60(b) motions are untimely, unexhausted, and second or successive habeas petitions, the Court finds it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). This Court should instead exercise its discretion to deny the petitions. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Therefore, Petitioner's motions pursuant to Rule 60(b), construed as a second or successive habeas petitions (Dkts. 28, 29, 30), are DENIED.

**Certificate of Appealability**

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *See Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). To obtain a certificate of appealability to challenge the Court's procedural ruling, Petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner cannot make the required showing, therefore, he is denied a certificate of appealability.

**ACCORDINGLY,**

1.  Petitioner's three motions (Dkts. 28, 29, 30) challenging the Court's Opinion and Order entered on August 17, 2023 (Dkt. 27) are construed as motions pursuant to Fed. R. Civ. P. 60(b).

2.  Petitioner's Rule 60(b) motions are denied as second or successive petitions for a writ of habeas corpus.

3.  Petitioner is denied a certificate of appealability

**IT IS SO ORDERED** this 23rd day of January 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE